

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2004

# Kabacinski v. Bostrom Seating Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kabacinski v. Bostrom Seating Inc" (2004). *2004 Decisions*. Paper 900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 03-1986

————

MICHAEL J. KABACINSKI,
                                    Appellant

v.

BOSTROM SEATING, INC.

————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 02-cv-08910
District Judge:  The Honorable Franklin S. VanAntwerpen

————

Submitted Under Third Circuit LAR 34.1(a)
February 24, 2004

————

Before: RENDELL, BARRY, and ROSENN, <u>Circuit Judges</u>

————

(Opinion Filed March 30, 2004)

————

OPINION

————

BARRY, <u>Circuit Judge</u>

   We are asked to review the March 7, 2003 order of the United States District Court

for the Eastern District of Pennsylvania denying plaintiff's motion to reconsider that

Court's February 13, 2003 order granting the defendant's motion to have its motion to dismiss deemed unopposed. We will affirm.

**I.**

The parties are familiar with the facts of this case, and, thus, we will provide but a brief summary of those facts at the outset.

Appellant Michael J. Kabacinski was employed by Bostrom Seating's, Inc. ("Bostrom"), a Delaware corporation with its principal place of business in Alabama, in Bostrom's facility in Allentown, PA. Bostrom closed its Allentown facility in early 2000, leaving only one salesperson employed in Pennsylvania. Shortly before the closing, Bostrom offered Kabacinski a temporary position in its North Carolina facility, which Kabacinski accepted. In September 2000, however, Bostrom laid Kabacinski off as part of a company-wide elimination of positions.

Kabacinski commenced an employment discrimination action by filing a Charge of Discrimination with the EEOC in October 2000. The EEOC issued a "no cause" letter on October 31, 2001. Kabacinski filed an Writ of Summons on January 24, 2002 (later amended on November 4, 2002) in Pennsylvania state court against Bostrom, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. §§ 955 and 962. Bostrom removed the case to the U.S. District Court for the Eastern District of

Pennsylvania on December 18, 2002, and on January 6, 2003 moved to dismiss under FED. R. CIV. P. 12(b)(6) and 12(b)(3) based on improper venue and because it was not an "employer," as that term is defined in the PHRA. Bostrom shortly thereafter amended its motion, noting that it did still employ one salesperson in Pennsylvania. Before his response was due, Kabacinski requested an extension of time until February 10, 2003 to file opposition to the motion. The District Court granted the stipulated-to extension, but stated in its order that no further extensions would be permitted.

Kabacinski did not file his opposition on February 10, but claims that his counsel's assistant mailed it on that day. On February 12, Bostrom moved to have its motion to dismiss deemed unopposed. On February 13, Kabacinski's opposition to the motion to dismiss was filed. That same day, the Court granted Bostrom's motion to have its motion to dismiss deemed unopposed, and granted the motion to dismiss, dismissing Kabacinski's PHRA claim with prejudice, and his ADEA and ADA claims without prejudice to his right to refile them in the appropriate United States District Court in Alabama. Both decisions were memorialized in one order filed on February 14.

On February 24, 2003, Kabacinski moved for reconsideration of that part of the February 14th order which granted Bostrom's motion to have its motion to dismiss deemed unopposed,[1] arguing that by virtue of FED. R. CIV. P. 6(e) ("Rule 6(e)") and

---

[1]While Kabacinski's motion is entitled only as a motion to reconsider the Court's granting of this motion, given his request that the Court "reinstat[e] Plaintiff's Complaint," we will assume that he intended that the Court reconsider its dismissal of his

3

Local Rule of Civil Procedure 7.1(c) ("Local Rule 7.1(c)"), the filing of his opposition papers was timely. On March 7, 2003, the District Court denied the motion to reconsider. Kabacinski appeals that order.

**II.**

Bostrom argues that we do not have appellate jurisdiction under 28 U.S.C. § 1291 because the District Court's order, which dismissed Kabacinski's ADEA and ADA claims without prejudice to his right to refile them in Alabama, is not final. "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999); see also Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438-40 (3d Cir. 2003) (general rule that "we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed without prejudice") (citing Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193, 201 (3d Cir. 2000)). The District Court's order, however, although it dismissed the federal claims without prejudice, ended the proceedings once and for all in the U.S. District Court for the Eastern District of Pennsylvania. The order, therefore, was final, and we have jurisdiction over Kabacinski's appeal.

Turning to the merits, "[t]he decision to deny a Motion for Reconsideration is

_____

complaint as well.

4

within the discretion of the District Court, but 'if the court's denial was based upon the interpretation and application of a legal precept, review is plenary.'" Le v. Univ. of Pa., 321 F.3d 403, 405-06 (3d Cir. 2003) (quoting Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985)).  That having been said, the standard a party must meet to succeed on a motion for reconsideration is quite high:

> The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

There is no allegation by Kabacinski that the controlling law has changed. Furthermore, Kabacinski's argument that his affidavit in support of his motion for reconsideration constitutes new evidence, even if correct, does not warrant reconsideration of the Court's February 13 order.[2]  Thus, Kabacinski must show that the

---

[2]Kabacinski's affidavit is accompanied by a certificate of service, signed by his counsel, indicating that his brief in opposition to Bostrom's motion to dismiss was filed on February 10, 2003 by first class mail.  This evidence is only relevant if Kabacinski is entitled to a three day extension under Rule 6(e).  As we explain below, Rule 6(e) does not apply.

District Court's decision to grant Bostrom's motion was a clear error of law and/or resulted in manifest injustice. The District Court concluded that Kabacinski did not do so. We agree.

Kabacinski's arguments with respect to both Rule 6(e) and Local Rule 7.1(c) are unpersuasive. Under Local Rule 7.1(c), he had fourteen days after service of Bostrom's motion to dismiss to serve his brief in opposition, "unless the Court directs otherwise." E.D. PA. R. CIV. P. 7.1(c). That is exactly what happened here: Kabacinski had until fourteen days after Bostrom's amended motion to dismiss was served on January 17, 2003, but then the Court extended that deadline, pursuant to the parties' stipulation, to February 10, 2003. If Kabacinski missed this new deadline, Local Rule 7.1(c) gave the District Court the power to grant Bostrom's motion as uncontested. See E.D. PA. R. CIV. P. 7.1(c) ("[i]n the absence of timely response, the motion may be granted as uncontested").[3]

Kabacinski argues that he did not miss the deadline because under Rule 6(e) he enjoyed a three day extension beyond the Court-ordered deadline given that Bostrom's motion to dismiss was served on him by mail. Rule 6(e) states that "[w]henever a party

---

[3]We recently noted the District Court's power to impose even harsh penalties for violation of local rules. See United States v. Eleven Vehicles, Their Equipment & Accessories, 200 F.3d 203, 214 (3d Cir. 2000) ("Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets .... it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule").

has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period."

We have recognized that Rule 6(e) "adds a rebuttable presumption of three days' mailing time to be added to a prescribed period whenever a statutory period begins on receipt or service of notice." Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108, n.5 (3d Cir. 2003). The District Court was correct, however, that Rule 6(e) does not apply to deadlines imposed by, or following, a court order. See Albright v. Virtue, 273 F.3d 564, 571 (3d Cir. 2001) ("'Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or order.'") (quoting with approval 1 JAMES MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.053[3], at 6-35 (3d ed. 1998)).[4]

Finally, even if Kabacinski's opposition to Bostrom's motion to dismiss was filed

---

[4]Kabacinski also argues that, under Local Rule 7.1(c), he should have been given fourteen days to respond to Bostrom's motion to have its motion to dismiss deemed unopposed (his response was served by mail on February 16, 2003, after the District Court had granted the motion). Because Local Rule 7.1(c) does not require a motion to grant another motion as uncontested, we see no basis for the argument that he was entitled to fourteen days to respond. In any event, any error by the District Court in acting too soon was harmless because Kabacinski clearly missed the Court-ordered deadline to respond to Bostrom's motion to dismiss. Kabacinski argues, as well, that the District Court could have extended the deadline by three days under FED. R. CIV. P. 6(b). Even if the Court "could have" extended the deadline, it had already done so on January 24 upon the agreement of the parties, and specifically stated that no other extensions would be granted.

in a timely manner, Bostrom's motion would surely have been granted. As the District Court noted, venue for the ADA claim was improper in the Eastern District of Pennsylvania because Bostrom closed its Pennsylvania facility before plaintiff filed this action, its employment records were in Alabama, and Kabacinski had accepted Bolstrom's offer of a temporary position at its facility in North Carolina. See 42 U.S.C. § 2000-e-5(f)(3) ("Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice"). Moreover, because Bostrom no longer operated a facility in Pennsylvania, and it employed, at most, one salesperson in the state, it was not an "employer" within the meaning of the PHRA. See 43 PA. CONS. STAT. § 954(b) ("the term 'employer' includes ... any person employing four or more persons within the Commonwealth").

The order of the District Court dated February 13, 2003 will be affirmed.